

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

TRACI KRASNE
Labor and Employment Law Division
Phone: (212) 356-2451
Email: trkrasne@law.nyc.gov

November 21, 2023

**Via ECF**
Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY 10007

*[Handwritten note: Any objection to this request is due 11/27/23. Denise Cote 11/21/23]*

Re: Tamara Jordan v. City of New York, et. al.
    No. 23-CV-4962 (DLC)

Dear Judge Cote:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for the Defendants in the above-referenced action. Defendants write, in advance of the initial conference scheduled for November 30, 2023, to respectfully request that the Court stay discovery pursuant to Fed. R. Civ. P. 26(c) pending the outcome of Defendants' fully dispositive Rule 12(b)(6) motion to dismiss. Defendants' filed their motion to dismiss on October 20, 2023, Plaintiff filed opposition on November 16, and Defendants' reply is due November 22. See ECF Dkt. Nos. 17, 19, 20, 24-1. Counsel for Plaintiff takes no position with regards to this request.

Courts have discretion to stay discovery for good cause pending the outcome of a fully dispositive motion to dismiss. See Barnes v. Smith, No. 12 Civ. 1916 (PKC) (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-2 (S.D.N.Y. Jan. 17, 2013). In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., No. 13 CV 649 (DRH) (AKT), 2014 LEXIS 46518 at *15-*16 (E.D.N.Y. Mar. 31, 2014). As applied to this case, each of these factors favors a stay of discovery.

First, Defendants have raised substantial issues with respect to the viability of Plaintiff's Complaint. Plaintiff, a per session OATH hearing officer, asserts claims under the ADA, the Rehabilitation Act, New York City Human Rights Law ("CHRL") and New York State Human Rights Law ("SHRL"). Plaintiff alleges that she has been discriminated against due to her disability; constructively discharged; retaliated against, and subjected to a hostile work environment. As a preliminary matter, in her opposition to Defendants' motion to dismiss the