UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
TAMARA JORDAN,                          :
                                        :
                    Plaintiff,          :    23cv4962 (DLC)
                                        :
           -v-                          :    MEMORANDUM
                                        :    OPINION AND
CITY OF NEW YORK, et al.,               :    ORDER
                    Defendants.         :
                                        :
                                        :
--------------------------------------- X

APPEARANCES:

For plaintiff Tamara Jordan:
Richard J. Washington, Jr.
Richard J. Washington, Attorney at Law
40 Wall Street, Suite 2800
New York, NY 10005


For the City of New York, et al.
Rodianna Katsaros
New York City Law Department
100 Church Street
New York, NY 10007


DENISE COTE, District Judge:

    On June 12, 2023, Tamara Jordan initiated this action

against the City of New York, the Office of Administrative

Trials and Hearings (OATH), and Asim Rehman in his official

capacity as Commissioner and Chief Administrative Law Judge for

OATH ("Defendants").  She alleges that the Defendants unlawfully

discriminated against her on the basis of disability and

retaliated against her for requesting accommodations in

violation of federal, state, and local law.  For the following reasons, Jordan's case is dismissed for failure to prosecute.

## Background

As described in her amended complaint ("FAC"), Jordan began working as a Hearing Officer at the New York City Taxi and Limousine Commission ("TLC") Tribunal in 2010.  In 2011, the TLC Tribunal was consolidated with OATH and Jordan became an OATH Hearing Officer.

Jordan alleges that she suffers from a kidney condition and is qualified as disabled under federal, state, and local law. She alleges that she submitted medical accommodation requests in December 2018 and in March 2020.  Jordan further alleges that Defendants unlawfully discriminated against her on the basis of her disability status and retaliated against her for making her accommodation requests.

On June 12, 2023, Jordan sued Defendants for violations of federal, state, and local law.  On August 24, Defendants moved to dismiss the complaint.  Jordan filed the FAC on September 15, alleging violations of Title I of the American Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq.; and the New

York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq.
("CHRL").

An initial pretrial conference was held on November 30.
For the reasons stated on the record at that conference, the
Court granted in part the Defendants' motion to dismiss the FAC.
Specifically, the Court dismissed Jordan's claims except for
that alleging that Defendants retaliated against her for
requesting accommodations in March 2020.  As explained at the
conference, Jordan is a per diem employee and continues to work
with the Defendants.  The Court referred the case to mediation
and agreed with the parties on a schedule for discovery.

A pretrial scheduling order was issued on December 1.  In
relevant part, all discovery was to be completed by June 28,
2024.  The December 1 scheduling order additionally required
that any motion for summary judgment be served by July 19.  In
the event no summary judgment order was filed, a joint pretrial
order was to be submitted by July 19.

On July 9, after the time for discovery had elapsed, Jordan
requested an extension of time to complete discovery until
August 30.  The Court granted the request on July 10.  The Court
noted, however, that there would be no further extension and
that a pretrial order or summary judgment motion was due
September 23.

On September 10, Defendants moved with Jordan's consent to extend the deadline to submit any motion for summary judgment from September 23 to November 22.  That same day, the Court denied the extension request.  The parties were again ordered to submit the pretrial order by September 23.  The case was placed on the October trial ready calendar.

No summary judgment motion or joint pretrial order was submitted by September 23.  Accordingly, on September 24, Jordan was ordered to show cause by September 27 at 12:00 p.m. noon why this case should not be dismissed for failure to prosecute.  See Fed. R. Civ. P. 41(b).  Jordan did not respond or request an extension of time to respond.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order."  A court considering a Rule 41(b) dismissal must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted). "No single factor is generally dispositive." Id. A dismissal is "the harshest of sanctions" and, accordingly, must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." Id. at 217 (citation omitted).

Here, weighing these five factors favors dismissal. First, Jordan has been on notice since July 9 that there would be no further extension of the September 23 filing date for either a motion for summary judgment or a pretrial order. It is now October 1, and Jordan has not filed a pretrial order or responded to the September 24 Order giving her an opportunity to explain why this case should not be dismissed. While these delays are not lengthy, they are not negligible.

Second, the September 24 Order notified Jordan that her case was subject to dismissal if she did not act by September 27 at noon. Since then, Jordan has provided no explanation of her failure to comply with the July 9 scheduling order. As the Second Circuit has explained, "it is difficult to imagine" a circumstance in which "dismissal for unexplained non-compliance" with a court order would be inappropriate. Lucas v. Miles, 84

F.3d 532, 535 (2d Cir. 1996) (discussing dismissal of <u>pro</u> <u>se</u> litigant's case).

Third, since the Defendants requested on September 10 an extension in the time permitted to file a summary judgment motion, it does not appear that they would be prejudiced by some limited further delay in this litigation.  On the other hand, the Defendants' letter indicates that new defense counsel was recently assigned to the case and the new attorney requires additional time to familiarize herself with the case.  Delays in litigation frequently lead to changes of counsel and when it does, the delay prejudices the parties.

Fourth, the Court has offered Jordan a fair opportunity to have her case heard.  An initial schedule was set in consultation with the parties.  It provided seven months for fact discovery and additional weeks to file a pretrial order in the event there were no motion for summary judgment.  When Jordan asked for an extension to complete discovery, that request was granted for the entire period requested but on the condition that it would not be further extended.  Having clear notice that no further extension would be granted, Jordan could not be surprised when the case was placed on the Court's October trial ready calendar.  A court considering whether to dismiss a case for failure to prosecute must also weigh "fairness to other

litigants, whether in the same case or merely in the same court (as competitors for scarce judicial resources)." Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 668 (2d Cir. 1980). Given Jordan's failure even to respond to the September 24 Order, the balance between the Court's interest in managing its own docket and protecting Jordan's right to be heard favors dismissal.

Finally, there is little reason to believe that a lesser sanction, such as a monetary sanction, would be effective. Indeed, Jordan's failure to respond to the September 24 Order indicates as much. See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.").

## Conclusion

Jordan's June 12, 2023 complaint is dismissed with prejudice for failure to prosecute. The Clerk of Court shall close the case.

Dated:    New York, New York
          October 1, 2024

DENISE COTE
United States District Judge