UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TAMARA JORDAN,

      Plaintiff,

  v.

THE CITY OF NEW YORK,

      Defendant.

-----------------------------------------------------------------x

**PROPOSED JOINT PRETRIAL ORDER**

Case No. 23-cv-4962 (DLC)

**I. Caption of the Action**

The caption as set forth above is the full caption of the action.

**II. Counsel for the Parties**

Plaintiff's Counsel
The Law Offices of Richard J. Washington, P.C.
By: Richard J. Washington, Jr., Esq.
100 Church Street, Suite 800
New York, New York 10007
(646) 845-7446 (P)
(646) 607-9383 (F)
Email:  Richard@washington-at-law.com


Defendant's Counsel
Rodianna Olympia Katsaros
Senior Counsel
New York City Law Department
Labor and Employment Law Division
New York City Law Department
P: (212) 356-2464
F: (212) 356-1148
rkatsaro@law.nyc.gov

Philip S. Frank
Senior Counsel
Labor and Employment Law Division
New York City Law Department
P: (212) 356-0886
F: (212) 356-1148
pfrank@law.nyc.gov

Ahren Lahvis
Assistant Corporation Counsel (Awaiting Admission)
Labor and Employment Law Division
New York City Law Department
P: (212) 356-2433
F: (212) 356-1148
alahvis@law.nyc.gov

### III. Subject Matter Jurisdiction

<u>Plaintiff's Statement as to the Basis of Subject Matter Jurisdiction</u>

Plaintiff states that jurisdiction is based on violations of her rights under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.; and Title V, Section 503 of the Act, 42 U.S.C. 12203. That jurisdiction is also invoked under 28 U.S.C. §1331 and §1343. There are also pendent New York state claims for retaliation under the New York State Human Rights Law, Executive Law 290, et seq.; and the New York City Human Rights Law, Administrative Code Title 8. This Court is requested to exercise pendent jurisdiction with respect to the state law claims under 28 U.S.C. §1367.

<u>Defendant's Statement as to the Presence or Absence of Subject Matter Jurisdiction</u>

Defendant City of New York ("City") does not dispute subject matter jurisdiction in this matter.

### IV. Statement of Claims and Defenses to be Tried

<u>Plaintiff's Summary—Claims Remaining to be Tried</u>

(a) First claim: Retaliation under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.; and Title V, Section 503 of the Act, 42 U.S.C. 12203. Plaintiff is seeking attorney's fees, compensatory, consequential, and punitive damages in relation to this claim.

(b) Second claim: Retaliation under the New York State Human Rights Law, Executive Law 290, et seq. Plaintiff is also seeking attorney's fees, compensatory, consequential, and punitive damages in relation to this claim.

(c) Third claim: Retaliation under the New York City Human Rights Law, Administrative Code Title 8. Plaintiff is also seeking attorney's fees, compensatory, consequential, and punitive damages in relation to this claim.

Plaintiff asserts that the evidence will also show that Defendant City of New York retaliated against her because she sought a reasonable accommodation in or around March 2020. The Defendant City of New York retaliated against the Plaintiff by unlawfully prohibited her from working between March 2020 and January 2021. Plaintiff submits that the City's actions were in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights. As a result of the Defendant's unlawful actions, the Plaintiff suffered damages, including but not limited to lost wages, resulting financial hardship, and undue emotional distress.

<u>Plaintiff's Summary—Defenses Not to be Tried</u>

In light of the Court's decision dated November 30, 2023 (ECF Dkt. No. 30), the Plaintiff's claim alleging that Defendant retaliated against her for requesting accommodations in March 2020 in violation of Federal, State and City Law remains to be tried.[1] The Defendant did not file an Answer until after the Court rendered a decision on Defendant's motion to dismiss. Therefore, with the exception of the claim that this action is time barred, the remaining affirmative defenses may be asserted at trial.

---

[1] With regard to the nature of dismissal and the Court's findings, the Plaintiff refers to the Court's decision and objects to any summaries and/or statements that are contrary to that decision.

Defendant's Summary—Defenses Asserted Remaining to be Tried

Following the Court's Order dated November 30, 2023 (ECF No. 30), granting in part in an oral decision on Defendant's motion to dismiss the Amended Complaint (hereinafter the "Decision"), Plaintiff's sole remaining claim is a retaliation claim commencing in 2020, under the following four statutes: (1) Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); (2) Section 504 of the Rehabilitation Act of 1973, 29 USCS § 794 ("Rehab Act"); (3) the New York State Human Rights Law, New York Executive Law §§ 290, *et seq.* ("SHRL"); and (4) the New York City Human Rights Law, New York City Administrative Code §§ 8-101, *et seq.* ("CHRL"). Specifically, the only claim that remains to be tried in this matter is whether or not Defendant City retaliated against Plaintiff, a per session Hearing Officer for the Office of Administrative Trials and Hearings ("OATH"), for allegedly complaining in March 2020 about working in person before the office went remote during the first days of the COVID-19 pandemic, by not assigning her hearings for a nine-month period from April 2020 until January 2021.

As a matter of law, however, Plaintiff cannot establish that she engaged in the requisite protected activity for a retaliation claim under the ADA, Rehab Act, NYSHRL, or NYCHRL. This is because it is undisputed that Plaintiff merely complained about the general work conditions and health and safety risks of having to work in person during the first days of the pandemic, but, significantly, Plaintiff did not complain of any statutorily prohibited discrimination. *See Natofsky v. City of New York*, 921 F.3d 337, 354 (2d Cir. 2020) ("Protected activity" for a retaliation claim under the ADA or Rehab Act "is action taken to protest or oppose statutorily prohibited discrimination.") (internal citation and quotation marks omitted); *see also* N.Y. Exec. Law § 296(7) (prohibiting retaliation against anyone who "has opposed any practices

4

forbidden" under NYSHRL); N.Y.C. Admin. Code § 8-107(7) (prohibiting retaliation against anyone who has "opposed any practice forbidden" under NYCHRL).[23]

Plaintiff's general complaint that it was unsafe for her to work in person – when all OATH employees were working in person during a short interval at the onset of the pandemic before the office went remote – is too broad and general as a matter of law to indicate that Plaintiff was protesting some purported discrimination. *See Natofsky*, 921 F.3d at 354 ("While it is unnecessary for an individual to specifically invoke the word discrimination when complaining in order to alert her employer to her protected activity, there must be some basis to conclude that the employer was aware that the plaintiff engaged in protected activity."). Accordingly, for the reasons Defendant will set forth more fully in its motions *in limine* to be filed under separate cover, Plaintiff's sole remaining retaliation claim should be dismissed with prejudice for failure to establish that she engaged in any protected activity.[4][5]

The following are also Defendant's remaining defenses:

(a) The Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

---

[2] Plaintiff objects to the statement set forth in this section of the Defendant's Summary. Plaintiff submits that this portion of the Defendant's summary mis-states the law and inaccurately characterizes the evidence that will be admissible at trial. Plaintiff objects to the assertion that the nature and legal significance of her complaint is "undisputed". Moreover, Plaintiff objects to this portion of the Defendant's Summary on the basis that such statement is prohibited under the Court's Individual Rule of Practice 6(A)(iv) in that this portion of the Defendant Summary recites evidentiary matters. Plaintiff submits that such evidentiary arguments must be placed before a fair and impartial jury.

[3] Defendant City states that Plaintiff's objection in footnote 1, *supra*, fails to articulate how Defendant has misstated the law regarding the elements of a retaliation claim. And as Defendant will set forth more fully in its motions *in limine*, to be filed under separate cover, Defendant has not misstated the undisputed facts regarding Plaintiff's complaint about general working conditions during the first days at the onset of the global pandemic – which is not a protected activity as a matter of law as it does not constitute a complaint about statutorily protected discrimination. Finally, pursuant to Your Honor's Individual Rules of Practice 6(A)(iv), Defendant's statement here does not recite to evidentiary matters but rather consists of an accurate and "brief summary…of the claims and defenses that… remain to be tried" based on the law of the case and the Court's Decision on the motion to dismiss.

[4] Plaintiff renews her objection to the Defendant's Summary as set forth in Footnote 1, above. Furthermore, Plaintiff objects to the characterization of her complaint as "general". Plaintiff submits that the arguments that the Defendant is attempting to advance are improper and not appropriate for a pre-trial order such as this.

[5] In response to Plaintiff's objection set forth in footnote 3, *supra*, Defendant renews its statement as set forth in footnote 2, *supra*.

(b) Defendant had legitimate, non-retaliatory business reasons for taking any of the alleged retaliatory actions complained of by Plaintiff.

(c) To the extent Plaintiff is alleging damages in the form of back pay, subject to proof of discovery, Plaintiff's claims for front and/or back pay may be barred by her failure to mitigate damages.[6]

(d) Assuming *arguendo* that Plaintiff submitted an accommodation request in March 2020, Plaintiff's proposed accommodation would have caused undue hardship on the Defendant and therefore her request for reasonable accommodation was properly denied.

Defendant's Summary—Defenses Not to be Tried

The Court in its November 30, 2023, Decision, dismissed the following claims, which no longer remain to be tried:

a) Plaintiff's discrimination claims under the ADA, Rehab Act, NYSHRL, and NYCHRL have been dismissed with prejudice for failure to state a claim.

b) Plaintiff's retaliation claim under the ADA, Rehab Act, NYSHRL, and NYCHRL based on her request (and approval) in December 2018 for an accommodation following surgery to start the workday later has been dismissed with prejudice for failure to state a claim and as time-barred.

c) Plaintiff's retaliation claim under the ADA, Rehab Act, NYSHRL, and NYCHRL based on her filing of a complaint with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2021, has been dismissed with prejudice for failure to state a claim.

---

[6] Plaintiff objects to this affirmative defense and submits that the defense is not applicable.

    d) The statute of limitations began to run: (1) on June 13, 2020, which is three years before Plaintiff filed this action, with respect to Plaintiff's federal claims under the Rehab Act; (2) on April 4, 2020, which is 300 days before Plaintiff filed the complaint with EEOC on January 29, 2021, with respect to Plaintiff's federal claims under the ADA; and (3) on October 28, 2019, with respect to Plaintiff's claims under the NYSHRL and NYCHRL due to the COVID tolling period. Accordingly, any of Plaintiff's claims occurring prior to these statute of limitations periods have been dismissed with prejudice as time-barred.

    e) In her First Amended Complaint, Plaintiff withdrew Defendants OATH and Asim Rehman from the action. Accordingly, Defendant City is the sole remaining Defendant.

## V. Trial by Jury/Length of Trial

The parties agree that this matter will be tried before a jury. The combined number of trial days for all of Plaintiff's witnesses is estimated to be 2-3 days. Defendant City posits that the trial should last no more than 4-5 business days, including jury selection.

## VI. Consent to Proceed Before the Magistrate Judge

The parties have not consented to a trial of the case by a United States Magistrate Judge.

## VII. Stipulations of Fact or Law

No stipulations have been made.

## VIII. Witness Testimony to be Offered

    A.   Plaintiff's Witnesses

        1. Tamara Jordan.

           Ms. Jordan will testify regarding her background, education, training, responsibilities, and tenure as a Hearing Officer and Administrative Trial

Judge for the City of New York. She will testify that she complained about working conditions at the City of New York's Office of Administrative Trials and Hearings. Thereafter, when the City of New York transitioned into remote work for all employees, Ms. Jordan was not permitted to work remotely for approximately nine months. She will testify that she was retaliated against, and such retaliation is ongoing. She will testify regarding her damages as a result of the retaliation.

2. Ronald Abraham.

Mr. Abraham will testify that he was aware of Ms. Jordan's complaint about working conditions, and he will testify as to the process that was used to determine which Hearing Officers were assigned to work remotely between March 2020 and January 2021.

3. Carmena Schwecke.

Ms. Schwecke will testify that she was aware of Ms. Jordan's complaint about working conditions, and she will testify about the process that was used to determine which Hearing Officers were assigned to work remotely between March 2020 and January 2021.

4. Amy Slifka

Ms. Slifka will testify regarding her duties and responsibilities in setting the criteria with regard to which Hearing Officers were assigned to work remotely between March 2020 and January 2021.

5. Ilene Weinerman

Ms. Weinerman is a representative of the United Federation of Teachers. She will testify regarding information that the UFT received regarding the number

8

of Hearing Officers that were permitted to work remotely between March 2020 and May 2020.

6. Danielle Follett-Figueroa

Ms. Figueroa will testify that, in addition to submitting a written complaint, the Plaintiff complained about working conditions and requested an accommodation before informing the Defendant that she would no longer be able to work under the conditions as they existed at OATH in March 2020.

7. Loriann Hellman

Ms. Hellman can testify as to the Plaintiff's requests to work remotely during the COVID pandemic as well as the rationale for Defendant's refusal to assign Plaintiff remote work.

Please note that Plaintiff reserves the right to call any witness whose name appears on Defendants' witness list. Plaintiff objects to any witness being called by the defendants whose identity was not disclosed to Plaintiff by Defendants in initial disclosures and/or discovery responses.

    B. <u>Defendant's Witnesses</u>[7]

1. Ronald Abraham.

Mr. Abraham will testify regarding Ms. Jordan's complaint about general working conditions during the first days of the pandemic. Mr. Abraham also will testify regarding the processes for assigning cases to OATH Hearing Officers during the pandemic and the assignment of cases to Plaintiff during the relevant time periods.

---

[7] Defendant reserves the right to call any witnesses listed by Plaintiff.

9

**IX.   Deposition Designations**

   A. Plaintiff

Plaintiff reserves the right to introduce deposition testimony of any of the individuals Plaintiff has deposed if such individuals are subpoenaed and should not be available to testify during the designated trial time.

   B. Defendant

Defendant City does not presently plan to offer any portions of Plaintiff's deposition taken on April 5, 2024, although the City reserves the right to do so if necessary. Defendant also reserves the right to use the entirety of Plaintiff's prior deposition testimony for purposes of impeachment.

**X.   Exhibits to be Offered**

   A.   Plaintiff's Exhibit List[8]

   1. The City of New York Equal Opportunity Policy (Disclosures – 000035 - 63)

   2. The City of New York Office of Administrative Trials and Hearings Diversity and EEO Commitment Statement (Disclosures – 000143-144)

   3. E-mail from Ronald Abraham re: Bridge Relocation, sent on March 16, 2020, at 12:21 p.m. (Disclosures – 000201)

   4. E-mail from Tamara Jordan re: Unavailable to Work for the Remainder of March 2020, sent March 18, 2020, at approximately 8:07 p.m. (Disclosures - 000203)

   5. E-mail from Tamara Jordan re: Hazards (sic) Working Conditions as a Hearing Officer at Long Island City, sent March 18, 2020, at approximately 10:09 p.m. (Disclosures - 000213)

   6. E-mail from Tamara Jordan re: Request for Remote Access to Outlook as an OATH Hearing Officer, sent June 10, 2020, at approximately 3:18 p.m. (Disclosures - 000219)

---

[8] Defendant reserves the right to use and/or introduce into evidence any of the exhibits listed by Plaintiff.

7. E-mail from Ronald Abraham re: Remote Hearings, sent March 25, 2020, at approximately 2:58 p.m. (Disclosures - 000215)

8. E-mail from Tamara Jordan re: Available Dates for Remote Hearing, sent March 27, 2020, at approximately 2:12 p.m. and again on March 31, 2020, at approximately 11:03 a.m. (Disclosures – 000205)

9. E-mail from Tamara Jordan re: Request for Additional Information regarding work, sent on April 3, 2020, at 11:36 a.m. (Disclosures – 000206-00207)

10. E-mail from Tamara Jordan re: Request for Additional Information regarding work, sent on April 6, 2020, at 12:01 p.m., and response. (Disclosures – 000208-210)

11. E-mail from Tamara Jordan re: Request for Additional Information regarding unpaid workdays, sent on April 7, 2020, at 12:21 p.m., and response from Aponte Lewis, sent on April 7, 2020, at approximately 10:11 a.m. (Disclosures – 000211)

12. E-mail from Ronald Abraham re: July Availability, sent June 10, 2020, at approximately 2:49 p.m. (Disclosures - 000217)

13. E-mail chain from Tamara Jordan re: July's dates for availability, sent June 11, 2020, at approximately 8:09 a.m. and subsequent replies from Carmena Schwencke, on June 11, 2020, at approximately 12:00 p.m, and Tamara Jordan at 12:19 p.m on the same day. (Disclosures – 000221, 223, 225, and 226)

14. E-mail from Tamara Jordan re: July's dates for availability, sent June 25, 2020, at approximately 7:34 a.m. (Disclosures - 000071)

15. E-mail from Tamara Jordan re: August Availability, sent July 14, 2020, at approximately 9:13 a.m. (Disclosures - 000230)

16. E-mail from Tamara Jordan re: Dates of Availability for September 2020, sent August 10, 2020, at approximately 10:08 a.m. (Disclosures - 000234)

17. E-mail from Tamara Jordan re: Dates of Availability for October 2020, sent September 9, 2020, at approximately 3:02 p.m. (Disclosures - 000236)

18. E-mail from Tamara Jordan re: Dates of Availability for November 2020, sent October 8, 2020, at approximately 4:15 p.m. (Disclosures - 000237)

19. E-mail from Tamara Jordan re: Dates of Availability for December 2020, sent November 10, 2020, at approximately 6:20 p.m. (Disclosures - 000239)

20. E-mail from Tamara Jordan re: Dates of Availability for January 2021, sent

December 10, 2020, at approximately 9:24 a.m. (Disclosures - 000241)

21. E-mail from Ronald Abraham re: January Schedule, sent December 24, 2020, at approximately 10:01 a.m. (Disclosures - 000072)

22. E-mail from Carmena Schwecke re: Today's Availability, sent January 5, 2021, at approximately 7:04 a.m. (Disclosures - 000073)

23. E-mail from Carmena Schwecke re: Lunch Confirmed, sent January 5, 2021, at approximately 9:12 a.m. (Disclosures - 000074)

24. Email from Carmena Schwecke re: Lunch Schedule, sent January 5, 2021, at approximately 9:14 a.m. (Disclosures – 000260)

25. Thirty-Five (35) Daily Case Tracking Sheets for Tamara Jordan for days between January 5, 2021, and June 29, 2021 (Disclosures – 000268, 280, 317, 319, 321, 325, 327, 330, 333, 336, 338, 340, 342, 344, 346, 348, 351, 353, 355, 357, 359, 361, 363, 366, 368, 370, 372, 374, 376, 379, 381, 383, 385, 386, 388, 390, 392)

26. Print out containing Taxi & Limousine Commission cases adjudicated by OATH per session Hearing Officers between March 18, 2020 and January 5, 2021, (Bates Stamp Nos. "DEF 002191" through "DEF 002578")

27. Medical Records from Advantage Care Physicians, dated January 29, 2021, regarding patient Tamara Jordan (Disclosures -000547-548)

28. Medical Records from Jamaica Estates Psychiatry and Behavioral Health, dated February 5, 2021, regarding patient Tamara Jordan (Disclosures - 000549)

29. W-2 Tax Document for Tamara Jordan for the year 2022 (Disclosures - 000724)

30. W-2 Tax Document for Tamara Jordan for the year 2021 (Disclosures - 000856)

31. W-2 Tax Document for Tamara Jordan for the year 2020 (Disclosures - 000787)

32. Article from Gotham Gazette written by Amanda Salazar "Amid Pandemic, New Yorkers Challenge Civil Summonses at 100,000 Remote Hearings" published February 16, 2021. (Disclosures – 000288, 289, and 290)

33. Email from Tamara Jordan to Ronald Abraham re: following up regarding work days, sent April 6, 2020, at approximately 12:01 p.m and the reply from Ronald Abraham on April 6, 2020, at approximately 12:19 p.m. (Disclosure –

000209)

Please note that Plaintiff reserves the right to introduce any exhibit, which appears on Defendant's Exhibit List.

    B.    <u>Defendant's Exhibit List</u>

        1. E-mail from Tamara Jordan to Ronald Abraham re: unavailable to work for the remainder of March 2020, sent March 18, 2020, at approximately 8:08 p.m., bearing Bates Stamp No. DEF000075

XI.     **Statement of Damages Claimed**

Plaintiff claims lost wages in the amount of 45,000 dollars or any other amount to be awarded at trial. Plaintiff claims consequential damages in an amount to be determined at trial. Plaintiff is claiming psychological and emotional injuries, in an amount to be determined at trial. Plaintiff is seeking reasonable attorney's fees and costs in accordance with 42 U.S.C. § 12205.

Dated: November 1, 2024
       New York, New York

By:

<u>Plaintiff's Counsel</u>
The Law Offices of Richard J. Washington, P.C.

*/s/ Richard J. Washington*
By: Richard J. Washington, Jr., Esq.
100 Church Street, Suite 800
New York, New York 10007
(646) 845-7446 (P)
(646) 607-9383 (F)
Email:  Richard@washington-at-law.com


<u>Defendant's Counsel</u>
**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, NY 10007
P: (212) 356-2464
F: (212) 356-1148
rkatsaro@law.nyc.gov

*/s/ Rodianna O. Katsaros*
By:    Rodianna Olympia Katsaros
       Philip S. Frank
       Ahren Lahvis (awaiting admission)