UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
TAMARA JORDAN,                          :
                                        :
                        Plaintiff,      :    23cv4962 (DLC)
                                        :
            -v-                         :    MEMORANDUM
                                        :    OPINION AND
CITY OF NEW YORK,                       :    ORDER
                                        :
                        Defendant.      :
                                        :
--------------------------------------- X

APPEARANCES:

For plaintiff Tamara Jordan:
Richard J. Washington, Jr.
Richard J. Washington, Attorney at Law
40 Wall Street, Suite 2800
New York, NY 10005

For the City of New York:
Amit Parab
Rodianna Katsaros
New York City Law Department
100 Church Street
New York, NY 10007


DENISE COTE, District Judge:

     On June 12, 2023, Tamara Jordan initiated this action

against the City of New York (the "City") and two co-defendants.

Trial is scheduled to begin on December 2.  This Opinion

addresses two issues raised by the City in its pretrial

submissions.  First, the City argues that a request for a

reasonable accommodation does not constitute protected activity

under New York state law and that Jordan's retaliation claim

under the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"), should be dismissed.  It additionally argues that Jordan's request for punitive damages should be dismissed as a matter of law.  For the reasons that follow, the NYSHRL retaliation claim is dismissed and the motion to dismiss Jordan's request for punitive damages is denied.

## Background

As described in her amended complaint ("FAC"), Jordan began working as a per diem Hearing Officer at the New York City Taxi and Limousine Commission ("TLC") Tribunal in 2010.  In 2011, the TLC Tribunal was consolidated with the Office of Administrative Trials and Hearing ("OATH") and Jordan became an OATH Hearing Officer.

Jordan alleges that she suffers from a kidney condition and is qualified as disabled under federal, state, and local law. As relevant here, Jordan alleges that the City retaliated against her for making a request on March 18, 2020, for a reasonable accommodation of her disability.  Specifically, she asserts that the City refused to assign her per diem work until January 2021.

Jordan asserts a retaliation claim against the City pursuant to the American Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); Section 504 of the Rehabilitation Act

of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); the NYSHRL; and
the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101,
et seq. ("NYCHRL").

## Discussion

I.   Protected Activity under the NYSHRL

Under the ADA, the Rehabilitation Act, the NYSHRL, and the
NYCHRL, the first element that a plaintiff must prove in
bringing a retaliation claim is that the plaintiff was engaged
in "protected activity."  See Tafolla v. Heilig, 80 F.4th 111,
125 (2d Cir. 2023) (ADA and NYSHRL); Weixel v. Board of Educ. of
the City of New York, 287 F.3d 138, 148-49 (2d Cir. 2002)
(Rehabilitation Act and ADA); Mihalik v. Credit Agricole
Cheuvreux N. Am., Inc., 715 F.3d 102, 112 (2d Cir. 2013)
(NYCHRL).  These four laws have been interpreted differently,
however, as to whether a request for a reasonable accommodation
constitutes protected activity.

The ADA's retaliation provision states that:

No person shall discriminate against any individual
because such individual has opposed any act or
practice made unlawful by this chapter or because such
individual made a charge, testified, assisted, or
participated in any manner in an investigation,
proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a).  Section 504 of the Rehabilitation Act
explains that the standards used to determine whether a

3

violation has occurred under the Act "shall be the standards applied" in interpreting the ADA, including those applied to 42 U.S.C. § 12203.  See 29 U.S.C. § 794(d).  Accordingly, federal courts have interpreted the elements of a retaliation claim under the Rehabilitation Act and the ADA to be the same.  See Weixel, 287 F.3d at 148.  In applying these statutes, federal courts have for decades interpreted the ADA's statutory language to mean that requesting a workplace accommodation constitutes protected activity satisfying the first element of a retaliation claim.  See id. at 149; see also Tafolla, 80 F.4th at 125–26 (2d Cir. 2023) (treating request for an accommodation as protected activity).

In contrast, New York's intermediate appellate courts have held that under both the NYSHRL and NYCHRL, a request for a reasonable accommodation does not constitute protected activity. See, e.g., D'Amico v. City of New York, 73 N.Y.S.3d 540, 541 (1st Dep't. 2018); Witchard v. Montefiore Med. Ctr., 960 N.Y.S.2d 402, 403–04 (1st Dep't. 2013).  These decisions, however, predate two important statutory changes to the state and local laws.

First, effective November 11, 2019, the New York City Council amended the NYCHRL to expressly state that a request for a reasonable accommodation is a protected activity.  See New

York City, N.Y., Local Law No. 129 Int. No. 799 (2019)

(amending § 8-107(7)).  That is, the NYCHRL now states that is

unlawful for an employer

> to retaliate or discriminate in any manner against any
> person because such person has (i) opposed any
> practice forbidden under this chapter, (ii) filed a
> complaint, testified or assisted in any proceeding
> under this chapter, (iii) commenced a civil action
> alleging the commission of an act which would be an
> unlawful discriminatory practice under this chapter,
> (iv) assisted the commission or the corporation
> counsel in an investigation commenced pursuant to this
> title, [or] (v) requested a reasonable accommodation
> under this chapter . . . .

N.Y.C. Admin Code § 8-107(7)(v) (emphasis added).  The

November 2019 amendment unquestionably brings the NYCHRL in

line with its federal counterparts: a request for a

reasonable accommodation constitutes protected activity.

The NYSHRL does not contain comparable language to the

NYCHRL.  Instead, like the ADA, it provides that:

> It shall be an unlawful discriminatory practice . . .
> to retaliate or discriminate against any person
> because he or she has opposed any practices forbidden
> under this article or because he or she has filed a
> complaint, testified or assisted in any proceeding
> under this article.

N.Y. Exec. Law § 296(7).  Even though this language is

similar to that in the ADA, state intermediate appellate

courts have interpreted the NYSHRL more restrictively than

the ADA and have held that a request for a reasonable

accommodation does not constitute protected activity.  See,
e.g., D'Amico, 73 N.Y.S.3d at 541.

"When deciding a question of state law," federal
courts "look to the state's decisional law, as well as to
its constitution and statutes."  Chen v. Dunkin' Brands,
Inc., 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted).
Absent a clear ruling from a state's highest court, a
federal court must "predict" how that court "would resolve
the uncertainty or ambiguity."  Id. at 499 (citation
omitted).  In doing so, the federal court "is bound to
apply the law as interpreted by a state's intermediate
appellate courts unless there is persuasive evidence that
the state's highest court would reach a different
conclusion."  Id. (citation omitted).

It is possible that a recent amendment to the NYSHRL
might change how New York courts would interpret the state
law.  Effective August 12, 2019, the NYSHRL was amended to
require courts to construe the statute "liberally for the
accomplishment of [its] remedial purposes . . . regardless
of whether federal civil rights laws, including those laws
with provisions worded comparably . . . have been so
construed."  See N.Y. Exec. Law § 300.  New York courts
have not yet analyzed what impact the August 2019 amendment

-- in isolation or in combination with the November 2019
change to the NYCHRL -- has on whether a request for a
reasonable accommodation is protected activity under state
law.

The plain text of the August 2019 amendment directs
courts applying the NYSHRL not to interpret the state law
to be in line with its federal counterparts simply because
the federal and state statutes contain comparable language.
But that sort of leveling down is not at issue here.  Here,
state courts have interpreted the NYSHRL (and the pre-
amendment NYCHRL) to provide less protection than the ADA
not based on an interpretation of <u>federal</u> law, but on their
own interpretation of <u>state</u> law.  <u>See</u>, <u>e.g.</u>, <u>D'Amico</u>, 73
N.Y.S.3d at 541.  While the New York City Council amended
the NYCHRL to state that a request for a reasonable
accommodation is protected activity, the New York State
Legislature did not similarly act.

In short, the August 2019 amendment to the NYSHRL did
not change the NYSHRL to mean that a request for a
reasonable accommodation is protected activity under the
statute.  Accordingly, the intermediate state court
decisions that predate the August 2019 amendment control
absent persuasive evidence that the New York Court of

Appeals would reach a different conclusion.  Therefore, Jordan's claim of retaliation under the NYSHRL is dismissed as a matter of law.

   II.  Punitive damages

   Next, the City argues that Jordan's request for punitive damages must be dismissed as a matter of law because such damages "are not available against a government or a governmental subdivision."  In her opposition to the City's motion, Ms. Jordan "defers to the Court on this issue."

   There is a common-law presumption against the availability of punitive damages from municipalities, and thus "[t]he general rule . . . is that no punitive damages are allowed unless expressly authorized by statute."  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 259-64 & n.21 (1981).  The Second Circuit recently explained that to rebut the common-law presumption a statute does not need to specifically explain that punitive damages are recoverable against governmental entities.  Gilead Cmty. Servs., Inc. v. Town of Cromwell, 112 F.4th 93, 103 (2d Cir. 2024).  Rather, it is sufficient that a statute provides for punitive damages "with no textually specified exceptions."  Id.  "When a statute explicitly provides for certain

remedies in general, and generally applies to municipal
defendants, it necessarily subjects those defendants to
those remedies." Id.

The federal statutes pursuant to which Jordan brings
her claims do not provide for punitive damages at all or do
not do so against governmental entities.  The
Rehabilitation Act adopts the "remedies" available under
Title VI of the Civil Rights Act of 1964.  See 29 U.S.C. §
794a(2).  The Supreme Court has interpreted these statutes
to permit compensatory, but not punitive damage.  Barnes v.
Gorman, 536 U.S. 181, 187-89 (2002).

In cases involving employment discrimination, the
ADA's retaliation provision adopts the remedies available
under Title VII of the Civil Rights Act of 1964.  See 42
U.S.C. § 12203(c); 42 U.S.C. § 12117; 42 U.S.C. § 2000e-5.
In the Civil Rights Act of 1991, Congress expanded the
remedies available to Title VII plaintiffs and to ADA
plaintiffs bringing claims of intentional discrimination by
permitting recovery of compensatory and punitive damages.
See Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843,
848 (2001) (citing 42 U.S.C. § 1981a).  Following the chain
of statutory provisions, a plaintiff asserting claims under
the ADA's retaliation provision is entitled to those

9

remedies available under 42 U.S.C. 12117(a), which include punitive damages but not against "a government, government agency or political subdivision."  See 42 U.S.C. § 1981a(b)(1).

The NYSHRL contains a carveout similar to those in the ADA.  It explains that punitive damages are available "only" in "cases of employment discrimination related to private employers and housing discrimination."  See N.Y. Exec. Law § 297(9).[1]

In contrast, the NYCHRL provides:

> Except as otherwise provided by law, any person claiming to be a person aggrieved by an unlawful discriminatory practice as defined in chapter 1 of this title . . . shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages.

N.Y.C. Admin. Code § 8-502(a).  Like the Fair Housing Act, as analyzed by the Second Circuit in Gilead, the NYCHRL explicitly provides for punitive damages, applies to municipal defendants, and provides no textually specified exceptions.  See Gilead, 112 F.4th at 103.  Accordingly, the NYCHRL rebuts the common-law presumption against the availability of punitive damages from municipalities.

---

[1] For reasons explained supra, Jordan's retaliation claim under the NYSHRL must be dismissed.

10

In short, punitive damages are not <u>per se</u> unavailable against a municipality.  In this action such damages are available under the NYCHRL.

## Conclusion

The City's November 7, 2024 motion in limine is granted in part and denied in part.


Dated:    New York, New York
          November 22, 2024


                                    _____
                                         DENISE COTE
                              United States District Judge